

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-4312
Re: Construction of Article III,
Section 51d of Constitution
relating to assistance to
destitute children as to
administrative expenses.

By your letter of August 26th, you request our opinion on the following question:

"Does the limitation on the amount to be expended per year for assistance for aid to Dependent Children as provided in Art. 3, Sec. 51d of the Constitution include administrative expense?"

Article III, Section 51d of the Texas Constitution reads as follows:

"Subject to the limitations and restrictions herein contained, and such other limitations, restrictions, and regulations as may be provided by law, the Legislature shall have the power to provide for assistance to destitute children under the age of fourteen (14) years; such assistance shall not exceed Eight Dollars ($8) per month for one child nor more than Twelve Dollars ($12) per month for such children of any one family; provided that the amount to be expended for such assistance out of state funds shall never exceed the sum of One Million, Five Hundred Thousand Dollars ($1,500,000) per year. The Legislature may impose residential restrictions and such other restrictions, limitations, and regulations as to it may seem expedient. (Emphasis ours)

"The Legislature shall have the authority to
accept from the Government of the United States
such financial assistance to destitute children as
that Government may offer not inconsistent with
the restrictions herein above provided."

The phrase "such assistance" as first used in the
above constitutional provision refers specifically to the
cash payments to recipients of eight and twelve dollars, not
including any administrative expense which might have been
incurred in making such payments.  It seems reasonable to
suppose that the same phrase, "such assistance" should be
given the same meaning when used for the second time in the
same sentence, with reference to the $1,500,000 annual limita-
tion.

It is not without significance, we think, that in
the cognate constitutional amendments, Section 51b authorizing
old age assistance payments and Section 51c, authorizing aid
to the needy blind, there was provided a similar limitation
upon the amount of assistance which might be paid to each
recipient, but no limitation upon the administrative expendi-
tures which might be made in order effectively to distribute
the assistance authorized.  Section 51d is more restrictive
than the preceding two amendments in that it places a limita-
tion upon the total annual benefit payments to destitute children.

It is our opinion that the $1,500,000 annual limitation
upon the amount that may be spent for assistance to destitute
children, as contained in Article III, Section 51d of the
Texas Constitution applies only to actual benefit payments,
and that the Legislature is authorized to appropriate in
addition to $1,500,000 annually for benefit payments to
destitute children, such further sums as it may deem to be
necessary for the efficient administration of the program.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Walter R F Koch
Walter R. Koch
Assistant

WRK:JP

APPROVED SEP 12, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN